JS 44
(Rev. 12/96)

# ORIGINAL CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

The Estate of Olimpio Montoya, by and through Alfredo Espiritu Montoya, Special Administrator, Andrea Montoya, Surviving Spouse, Raymundo E. Montoya, Josefina Aguilar, Bayanie Montoya, Julieta M. Reyes, Alfredo Espiritu Montoya and Oliver Montoya, Surviving Children

### DEFENDANTS

Continental Airlines, Inc., Continental Micronesia, Inc., and DOE Insurance Companies I through V

**04-00018**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
William L. Gavras, Esq.
Law Offices of Gorman & Gavras
2nd Floor, J&R Building
208 Route 4
Hagatna, Guam 96910

ATTORNEYS (IF KNOWN)
David Ledger, Esq.
Carlsmith Ball LLP
Suite 401, Bank of Hawaii Building
134 West Soledad Avenue
Hagatna, Guam 96910

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☒ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | **FEDERAL TAX SUITS** | |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | | |
| | / ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. §§ 1331, 1332 and 1446

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: April 7, 2004

SIGNATURE OF ATTORNEY OF RECORD
David Ledger, Esq.

**RECEIVED**
APR - 7 2004
DISTRICT COURT OF GUAM
HAGATNA, GUAM

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____



CARLSMITH BALL LLP

DAVID LEDGER
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendants
Continental Airlines, Inc. and
Continental Micronesia, Inc.

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| THE ESTATE OF OLIMPIO MONTOYA, BY AND THROUGH ALFREDO ESPIRITU MONTOYA, SPECIAL ADMINISTRATOR, ANDREA MONTOYA, SURVIVING SPOUSE, RAYMUNDO E. MONTOYA, JOSEFINA AGUILAR, BAYANIE MONTOYA, JULIETA M. REYES, ALFREDO ESPIRITU MONTOYA AND OLIVER MONTOYA, SURVIVING CHILDREN, <br><br> Plaintiffs, <br><br> vs. <br><br> CONTINENTAL AIRLINES, INC., CONTINENTAL MICRONESIA, INC., AND DOE INSURANCE COMPANIES I THROUGH V, <br><br> Defendants. | CIVIL CASE NO. **04-00018** <br><br> **DEFENDANTS NOTICE OF REMOVAL; EXHIBIT A; DECLARATION OF SERVICE** |

Defendants Continental Airlines, Inc. and Continental Micronesia, Inc., pursuant to 28 U.S.C. §§ 1331, 1332(a)(1)(2) and 28 U.S.C. §1446, hereby remove the above action from the Superior Court of Guam to this Court on the following grounds:

1. The above action was filed in the Superior Court of Guam as Civil Case No. CV0313-04 on or about March 12, 2004, and is now pending in that Court. Defendants first learned of the action on or about March 18, 2004.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 in that the civil action arises under a treaty of the United States, specifically the Warsaw Convention, and jurisdiction on diversity of citizenship under 1332(a)(1) and (2).

3. Defendants are thus entitled to remove the above action from the Superior Court of Guam to this Court pursuant to 28 U.S.C. §§ 1331 and 1332(a)(1) and (2) and 28 U.S.C. §1446.

4. Copies of all process, pleadings and orders served upon Defendant are attached as Exhibit "A" and filed herewith.

DATED: Hagåtña, Guam, April 7, 2004.

CARLSMITH BALL LLP

DAVID LEDGER
Attorneys for Defendants
Continental Airlines, Inc. and
Continental Micronesia, Inc.

William L. Gavras, Esq.
LAW OFFICES OF GORMAN & GAVRAS
A Professional Corporation
2nd Floor, J&R Building
208 Route 4
Hagåtña, Guam 96910
Telephone: 472-2302
Facsimile: 472-2342

Attorneys for Plaintiffs
The Estate of Olimpio Montoya,
by and through Alfredo Espiritu
Montoya, Special Administrator;
Andrea Montoya, Surviving Spouse;
Raymundo E. Montoya, Josefina Aguilar,
Bayanie Montoya, Julieta M. Reyes,
Alfredo Espiritu Montoya and Oliver Montoya;
Surviving Children

## IN THE SUPERIOR COURT

## OF GUAM

| | |
|---|---|
| The Estate of Olimpio Montoya, by and through Alfredo Espiritu Montoya, Special Administrator; Andrea Montoya, Surviving Spouse; Raymundo E. Montoya, Josefina Aguilar, Bayanie Montoya, Julieta M. Reyes, Alfredo Espiritu Montoya and Oliver Montoya; Surviving Children, <br><br> Plaintiffs, <br><br> vs. <br><br> CONTINENTAL AIRLINES, INC.; CONTINENTAL MICRONESIA INC.; and DOE Insurance Companies I through V, <br><br> Defendants | CIVIL CASE NO. CV 0313-04 <br><br><br> COMPLAINT AND DEMAND FOR JURY TRIAL |

Plaintiffs, The Estate of Olimpio Montoya, by and through Alfredo Espiritu

Montoya, Special Administrator; Andrea Montoya, Surviving Spouse; Raymundo E.

Montoya, Josefina Aguilar, Bayanie Montoya, Julieta M. Reyes, Alfredo Espiritu

**EXHIBIT A**

Montoya, et. al. v. Continental Airlines, Inc., et. al
Complaint and Demand for Jury Trial
March 9, 2004

Montoya and Oliver Montoya; Surviving Children, by and through their undersigned counsel, sue jointly and severally Defendants Continental Airlines, Inc., Continental Micronesia Inc. and DOE Insurance Companies I through V and allege as follows, to wit:

## GENERAL ALLEGATIONS

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Sections 1332 and 1610.

2. At all times material hereto, Plaintiff Alfredo Montoya, was and is a U. S. Citizen of the United States and a resident of Guam; Plaintiffs Andrea Montoya, Raymundo Montoya, Oliver Montoya, Josefina Aguilar, Julieta M. Reyes and Bayanie Montoya, were and are citizens of the Republic of the Philippines and Andrea Montoya, Raymundo Montoya and Oliver Montoya are permanent residents of the United States and reside in Guam and Josefina Aguilar, Julieta Reyes and Bayanie Montoya reside in the Philippines.

3. Upon information and belief, at all times material hereto, Defendant Continental Airlines, Inc. was and is a foreign corporation incorporated in the State of Delaware and authorized to do business in the Territory of Guam and was actively engaged in conducting the business of airline transportation.

4. Upon information and belief, at all times material hereto, Defendant Continental Micronesia Inc. was and is a foreign corporation incorporated in the State of Delaware and authorized to do business in the Territory of Guam and was actively engaged in conducting the business of airline transportation.

2

Montoya, et. al. v. Continental Airlines, Inc., et. al
Complaint and Demand for Jury Trial
March 9, 2004

5. Upon information and belief, Defendant Continental Micronesia is a subsidiary of Defendant Continental Airlines Inc. wherein Defendant Continental Airlines Inc. owns at least 90% of the stock of Defendant Continental Micronesia Inc..

## COUNT I – NEGLIGENCE (COMMON CARRIER)

6. Plaintiffs readopt and reallege each and every allegation as stated in paragraphs 1 through 5 as if fully set forth herein.

7. Upon information and belief, on June 8, 2002, at all times material hereto, Defendant Continental Airlines, Inc., was a common carrier engaged in the business of transporting paying passengers in aircraft it owned, leased, operated, managed, maintained, and/or controlled. As a common carrier, Continental Airlines, Inc. was obligated to provide the highest degree of care to its passengers.

8. Upon information and belief, on June 8, 2002 and at all times material hereto, Defendant Continental Micronesia Inc. was authorized to do and is doing business in Guam for the purpose of providing transportation/aircraft to passengers and as a common carrier was obligated to provide the highest degree of care to its passengers.

9. On or about June 8, 2002, Defendants owed, leased and/or were responsible for Flight #934, which was used to transport passengers as a common carrier, and which aircraft Defendants operated, maintained, and/or otherwise controlled by and through agents and/or employees, acting within the course and scope of their employment.

3

Montoya, et. al. v. Continental Airlines, Inc., et. al
Complaint and Demand for Jury Trial
March 9, 2004

10. On or about June 8, 2002, Defendants accepted Olimpio Montoya as a ticketed passenger for said flight #934 originating in Manila, Philippines, ultimately destined for Guam.

11. On or about June 8, 2003, after said aircraft had departed from Manila, Philippines, Olimpio Montoya while a ticketed passenger on said flight.

12. While on said flight Olimpio Montoya suffered medical problems and a cerebral hemorrhage.

13. Defendants through employees and agents, were negligent and breached the common law duty they owed to Olimpio Montoya, in the following manner:

    a. Defendants through agents and/or employees, failed to take adequate measures to determine the life-threatening medical condition of Olimpio Montoya, and render, provide and/or secure the necessary medical care.

    b. Defendants through agents and/or employees, failed to take adequate measures to protect the health of Olimpio Montoya.

    c. Defendants through agents and/or employees, failed to render, provide and/or secure necessary immediate medical attention for Olimpio Montoya.

    d. Defendants' agents and/or employees failed to divert said aircraft and land at the nearest available airport.

    f. Defendants failed to furnish the subject aircraft with sufficient medical equipment.

    g. Defendants' agents and/or employees failed to contact ground personnel to obtain medical assistance.

4

Montoya, et. al. v. Continental Airlines, Inc., et. al
Complaint and Demand for Jury Trial
March 9, 2004

      h.    Defendants by and through agents and or employees, departed from accepted airline industry standard practice in failing to take adequate measures to protect the health of the ticketed passenger, Olimpio Montoya.

    14.    As a direct and proximate result of the negligence and carelessness of the Defendants, Olimpio Montoya suffered severe and grievous injuries and/or the aggravation of a pre-existing condition and sustained physical and mental pain and suffering, anguish, grief, humiliation, personal inconvenience, loss of the capacity for the enjoyment of life, shorter life span and death.

    15.    As a direct and proximate result of Defendants' negligence as described herein, Olimpio Montoya has incurred medical and related expenses.

    16.    As a direct and proximate cause of Defendant's negligence:

      a.    Olimpio Montoya was deprived a chance of survival and quality of life.

      b.    Olimpio Montoya was deprived a chance of survival and quality of life greater than fifty percent.

    17.    The foregoing conduct by Defendants through employees and agents, exhibited a callous, cruel, careless, oppressive, willful and/or reckless indifference to the safety, welfare, health and well being of Olimpio Montoya. By reason of the conduct described herein, Defendants should be compelled to compensate Plaintiffs with punitive damages.

    18.    At all times material hereto, Plaintiff Andrea Montoya was the wife of and is the widow of Olimpio Montoya, deceased.

5

Montoya, et. al. v. Continental Airlines, Inc., et. al
Complaint and Demand for Jury Trial
March 9, 2004

19. As a direct and proximate result of Defendants' negligence, Plaintiff Andrea Montoya has been deprived of the spousal love, affection, services, support, society and comfort of her deceased husband, Olimpio Montoya.

20. At all times material hereto, Plaintiffs Raymundo E. Montoya, Josefina Aguilar, Bayanie Montoya, Julieta M. Reyes, Alfredo Espiritu Montoya and Oliver Montoya were and are the children of their father Olimpio Montoya, deceased.

21. As a direct and proximate result of Defendants' negligence, Plaintiffs Raymundo E. Montoya, Josefina Aguilar, Bayanie Montoya, Julieta M. Reyes, Alfredo Espiritu Montoya and Oliver Montoya; Surviving Children, have been deprived of the parental love, affection, services, support, society and comfort of their deceased father, Olimpio Montoya

22. As a further direct and proximate result of the negligence of Defendants, Plaintiffs respectively were forced to suffer and endure past and future emotional and mental harm and suffering pecuniary losses, loss of comfort, love and affection, hedonic damages, loss of enjoyment of life, society and protection, loss of parental consortium, loss of spousal consortium and loss of funeral and burial expenses.

WHEREFORE, Plaintiffs demand judgment against Defendants, Continental Airlines, Inc., Continental Micronesia Inc. and DOE Insurance Companies I through V for money damages in an amount of excess of One Million Dollars ($1,000,000.00) together with court costs and such other relief as this Court deems meet and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury in the action of six (6) persons.

Montoya, et. al. v. Continental Airlines, Inc., et. al
Complaint and Demand for Jury Trial
March 9, 2004

                           LAW OFFICES OF GORMAN & GAVRAS

Date: March 9, 2004      By: _____
                                  WILLIAM L. GAVRAS, ESQ.
                                  Attorneys for Plaintiffs
                                  The Estate of Olimpio Montoya,
                                  by and through Alfredo Espiritu
                                  Montoya, Special Administrator;
                                  Andrea Montoya, Surviving Spouse;
                                  Raymundo E. Montoya, Josefina Aguilar,
                                  Bayanie Montoya, Julieta M. Reyes,
                                  Alfredo Espiritu Montoya and Oliver Montoya;
                                  Surviving Children

William L. Gavras, Esq.
LAW OFFICES OF GORMAN & GAVRAS
A Professional Corporation
2nd Floor, J&R Building
208 Route 4
Hagåtña, Guam 96910
Telephone: 472-2302
Facsimile:  472-2342

Attorneys for Plaintiffs
The Estate of Olimpio Montoya,
by and through Alfredo Espiritu
Montoya, Special Administrator;
Andrea Montoya, Surviving Spouse;
Raymundo E. Montoya, Josefina Aguilar,
Bayanie Montoya, Julieta M. Reyes,
Alfredo Espiritu Montoya and Oliver Montoya;
Surviving Children

2004 MAR 12  2:22

## IN THE SUPERIOR COURT
## OF GUAM

| | |
|---|---|
| The Estate of Olimpio Montoya,<br>by and through Alfredo Espiritu<br>Montoya, Special Administrator;<br>Andrea Montoya, Surviving Spouse;<br>Raymundo E. Montoya, Josefina Aguilar,<br>Bayanie Montoya, Julieta M. Reyes,<br>Alfredo Espiritu Montoya and Oliver Montoya;<br>Surviving Children,<br><br>Plaintiffs,<br><br>vs.<br><br>CONTINENTAL AIRLINES, INC.;<br>CONTINENTAL MICRONESIA INC.;<br>and DOE Insurance Companies<br>I through V,<br><br>Defendants. | CIVIL CASE NO. CIVCV 0313-04<br><br>SUMMONS |

TO:  CONTINENTAL AIRLINES, INC.

**YOU ARE HEREBY SUMMONED AND REQUIRED** to serve upon the Law

Offices of Gorman & Gavras, Plaintiffs' attorney, whose address is 2nd Floor, J & R

Building, 208 Route 4, Hagåtña, Guam 96910, an Answer to the Complaint which is herewith served upon you, within twenty (20) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

RICHARD B. MARTINEZ, (Acting) Clerk of Court
Superior Court of Guam

Dated: 12 MAR 2004, 2004    By *James R. Borja*
DEPUTY CLERK

## **DECLARATION OF SERVICE**

I, David Ledger, hereby declare under penalty of perjury of the laws of the United States, that on April 7, 2004, I will cause to be served, via hand delivery, a true and correct copy of DEFENDANTS NOTICE OF REMOVAL; EXHIBIT A upon Plaintiff's Counsel of record as follows:

>William L. Gavras, Esq.
>Law Offices of Gorman & Gavras
>2nd Floor, J&R Building
>208 Route 4
>Hagåtña, Guam 96910

Executed this 7th day of April 2004 at Hagåtña, Guam.

_____
DAVID LEDGER