CARLSMITH BALL LLP

DAVID LEDGER
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendants
Continental Airlines, Inc. and
Continental Micronesia, Inc.

FILED
DISTRICT COURT OF GUAM
APR 07 2004
MARY L. M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| THE ESTATE OF OLIMPIO MONTOYA, BY AND THROUGH ALFREDO ESPIRITU MONTOYA, SPECIAL ADMINISTRATOR, ANDREA MONTOYA, SURVIVING SPOUSE, RAYMUNDO E. MONTOYA, JOSEFINA AGUILAR, BAYANIE MONTOYA, JULIETA M. REYES, ALFREDO ESPIRITU MONTOYA AND OLIVER MONTOYA, SURVIVING CHILDREN,<br><br>Plaintiffs,<br><br>vs.<br><br>CONTINENTAL AIRLINES, INC., CONTINENTAL MICRONESIA, INC., AND DOE INSURANCE COMPANIES I THROUGH V,<br><br>Defendants. | CIVIL CASE NO. **04-00018**<br><br>**ANSWER TO COMPLAINT; DECLARATION OF SERVICE** |

Defendants Continental Airlines, Inc. and Continental Micronesia, Inc. ("Continental") answer the complaint as follows.

    1.    Continental denies Paragraph 1.

2. Continental lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2. and on that basis denies the allegations.

3. Continental denies the allegations of Paragraph 3.

4. Continental admits only that Continental Micronesia, Inc. is authorized to and does conduct air transportation business in Guam.

5. Continental admits only that Continental Micronesia, Inc. is a wholly-owned subsidiary.

6. For its answer to Paragraph 6., Continental incorporates by reference the foregoing answers to Paragraphs 1 through 5.

7. Continental admits only that on June 8, 2002, Continental Micronesia, Inc. was authorized to and did conduct air transportation business in Guam.

8. Continental admits only that on June 8, 2002, Continental Micronesia, Inc. was authorized to and did conduct air transportation business in Guam.

9. Continental admits only that on June 8, 2002, Continental Micronesia, Inc. was authorized to and did conduct air transportation business in Guam, including Flight 934 from Manila, Philippines to Guam.

10. Continental admits only that on June 8, 2002, Continental Micronesia, Inc. was authorized to and did conduct air transportation business in Guam, including Flight 934, and that Olimpio Montoya was a passenger on that flight.

11. Continental denies Olimpio Montoya was a passenger on Flight 934 on June 8, 2003.

12. Continental admits only that while on a Continental Micronesia, Inc. flight from Manila, Philippines to Guam, Olimpio Montoya unexpectedly became ill.

13. Continental denies the allegations of Paragraph 13, including subparts a - h.

14. Continental denies the allegations of Paragraph 14.

15. Continental denies the allegations of Paragraph 15.

16. Continental denies the allegations of Paragraph 16, including subparts a - b.

17. Continental denies the allegations of Paragraph 17.

18. Continental lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18. and on that basis denies the allegations.

19. Continental denies the allegations of Paragraph 19.

20. Continental lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20. and on that basis denies the allegations.

21. Continental denies the allegations of Paragraph 21.

22. Continental denies the allegations of Paragraph 22.

## DEFENSES

1. The complaint fails to state a cause of action against Continental.

2. The complaint fails to state a claim upon which relief may be granted.

3. Continental neither caused nor contributed to cause any losses or damages Plaintiffs may have sustained.

4. Continental neither caused nor contributed to cause any losses or damages Olimpio Montoya may have sustained nor breached any duty owed to Olimpio Montoya as an aircraft passenger or otherwise.

5. Plaintiffs' claims are barred or must be reduced to the extent that the acts or omissions of Plaintiffs, other parties or one or more third parties were partially or fully the

proximate cause of any damages alleged and sustained by Plaintiffs.

6. Plaintiffs' claims are barred or must be reduced in accordance with Plaintiffs' failure to mitigate any damages they may have sustained.

7. Plaintiffs' claims for damages are barred or limited because they are neither plead with sufficient specificity nor are they sustainable under the law applicable to the aircraft flight in question.

8. Plaintiffs' claims for damages are barred or limited because they are neither plead with sufficient specificity nor are they sustainable under the international convention(s) governing the aircraft flight in question.

9. Plaintiffs' claims are barred or must be reduced in accordance with fault attributable to Plaintiffs and others, said fault being partially or fully the proximate cause of any alleged loss or damages.

10. Plaintiffs' prayer for relief and damages lacks sufficient specificity and seeks compensation for damages not available under applicable law and international conventions.

11. Continental reserves the right to assert additional defenses that may become apparent as discovery and investigation continues. No such defense shall be deemed to have been waived.

DATED: Hagåtña, Guam, April 7, 2004.

CARLSMITH BALL LLP

_____
DAVID LEDGER
Attorneys for Defendants
Continental Airlines, Inc. and
Continental Micronesia, Inc.

## DECLARATION OF SERVICE

I, David Ledger, hereby declare under penalty of perjury of the laws of the United States, that on April 7, 2004, I will cause to be served, via hand delivery, a true and correct copy of ANSWER TO COMPLAINT upon Plaintiff's Counsel of record as follows:

> William L. Gavras, Esq.
> Law Offices of Gorman & Gavras
> 2nd Floor, J&R Building
> 208 Route 4
> Hagåtña, Guam 96910

Executed this 7th day of April 2004 at Hagåtña, Guam.

_____
DAVID LEDGER