William L. Gavras, Esq.
LAW OFFICES OF GORMAN & GAVRAS
A Professional Corporation
2nd Floor, J&R Building
208 Route 4
Hagåtña, Guam 96910
Telephone: 472-2302
Facsimile: 472-2342

Attorneys for Plaintiffs
The Estate of Olimpio Montoya,
by and through Alfredo Espiritu
Montoya, Special Administrator;
Andrea Montoya, Surviving Spouse;
Raymundo E. Montoya, Josefina Aguilar,
Bayanie Montoya, Julieta M. Reyes,
Alfredo Espiritu Montoya and Oliver Montoya;
Surviving Children



## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| The Estate of Olimpio Montoya,<br>by and through Alfredo Espiritu<br>Montoya, Special Administrator;<br>Andrea Montoya, Surviving Spouse;<br>Raymundo E. Montoya, Josefina Aguilar,<br>Bayanie Montoya, Julieta M. Reyes,<br>Alfredo Espiritu Montoya and Oliver Montoya;<br>Surviving Children,<br><br>Plaintiffs,<br><br>vs.<br><br>CONTINENTAL AIRLINES, INC.;<br>CONTINENTAL MICRONESIA INC.;<br>and DOE Insurance Companies<br>I through V,<br><br>Defendants | CIVIL CASE NO. CV04-00018<br><br><br><br><br>FIRST AMENDED<br>COMPLAINT AND<br>DEMAND FOR JURY<br>TRIAL |

Plaintiffs, The Estate of Olimpio Montoya, by and through Alfredo Espiritu Montoya, Special Administrator; Andrea Montoya, Surviving Spouse; Raymundo E. Montoya, Josefina Aguilar, Bayanie Montoya, Julieta M. Reyes, Alfredo Espiritu Montoya and Oliver Montoya; Surviving Children, by and through their undersigned

**Montoya, et. al. v. Continental Airlines, Inc., et. al.,** Civil Case No. CV04-00018
First Amended Complaint and Demand for Jury Trial
June 22, 2004

counsel, sue jointly and severally Defendants Continental Airlines, Inc., Continental Micronesia Inc. and DOE Insurance Companies I through V and allege as follows, to wit:

## GENERAL ALLEGATIONS

1.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Sections 1331.

2.  At all times material hereto, Plaintiff Alfredo Montoya, was a U. S. Citizen of the United States of America and a resident of Guam; Plaintiffs Andrea Montoya, Raymundo Montoya, Oliver Montoya, Josefina Aguilar, Julieta M. Reyes and Bayanie Montoya, were and are citizens of the Republic of the Philippines and Andrea Montoya, Raymundo Montoya and Oliver Montoya are permanent residents of the United States and reside in Guam and Josefina Aguilar, Julieta Reyes and Bayanie Montoya reside in the Philippines.

3.  Upon information and belief, at all times material hereto, Defendant Continental Airlines, Inc. was and is a foreign corporation incorporated in the State of Delaware and authorized to do business in the Territory of Guam.

4.  Upon information and belief, at all times material hereto, Defendant Continental Micronesia Inc. was and is a foreign corporation incorporated in the State of Delaware and authorized to do business in the Territory of Guam and was actively engaged in conducting the business of airline transportation.

Montoya, et. al. v. Continental Airlines, Inc., et. al., Civil Case No. CV04-00018
First Amended Complaint and Demand for Jury Trial
June 22, 2004

5.   Upon information and belief, Defendant Continental Micronesia is a subsidiary of Defendant Continental Airlines Inc. wherein Defendant Continental Airlines Inc. owns at least 90% of the stock of Defendant Continental Micronesia Inc..

## COUNT I – NEGLIGENCE (COMMON CARRIER)

6.   Plaintiffs readopt and reallege each and every allegation as stated in paragraphs 1 through 5 as if fully set forth herein.

7.   Upon information and belief, on June 8, 2002; at all times material hereto, Defendant Continental Airlines, Inc., was a common carrier engaged in the business of transporting paying passengers in aircraft it owned, leased, operated, managed, maintained, and/or controlled. As a common carrier, Continental Airlines, Inc. was obligated to provide the highest degree of care to its passengers.

8.   Upon information and belief, on June 8, 2002 and at all times material hereto, Defendant Continental Micronesia Inc. was authorized to do and is doing business in Guam for the purpose of providing transportation/aircraft to passengers and as a common carrier was obligated to provide the highest degree of care to its passengers.

9.   On or about June 8, 2002, Defendants owned, leased and/or were responsible for Flight #934, which was used to transport passengers as a common carrier, and which aircraft Defendants operated, maintained, and/or otherwise controlled by and through agents and/or employees, acting within the course and scope of their employment.

Montoya, et. al. v. Continental Airlines, Inc., et. al., Civil Case No. CV04-00018
First Amended Complaint and Demand for Jury Trial
June 22, 2004

10. On or about June 8, 2002, Defendants accepted Olimpio Montoya as a ticketed passenger for said flight #934 originating in Manila, Philippines; ultimately destined for Guam.

11. On or about June 8, 2002, after said aircraft had departed from Manila, Philippines, Olimpio Montoya while a ticketed passenger on said flight he suffered medical problems and a cerebral hemorrhage.

12. Defendants through employees and agents, were negligent and breached the common law duty they owed to Olimpio Montoya, in the following manner:

    a. Defendants through agents and/or employees, failed to take adequate measures to determine the life-threatening medical condition of Olimpio Montoya, and render, provide and/or secure the necessary medical care.

    b. Defendants through agents and/or employees, failed to take adequate measures to protect the health of Olimpio Montoya.

    c. Defendants through agents and/or employees, failed to render, provide and/or secure necessary immediate medical attention for Olimpio Montoya.

    d. Defendants' agents and/or employees failed to divert said aircraft and land at the nearest available airport.

    f. Defendants failed to furnish the subject aircraft with sufficient medical equipment.

    g. Defendants' agents and/or employees failed to contact ground personnel to obtain medical assistance.

Montoya, et. al. v. Continental Airlines, Inc., et. al., Civil Case No. CV04-00018
First Amended Complaint and Demand for Jury Trial
June 22, 2004

    h.    Defendants by and through agents and or employees, departed from accepted airline industry standard practice in failing to take adequate measures to protect the health of the ticketed passenger, Olimpio Montoya.

13.    As a direct and proximate result of the negligence and carelessness of the Defendants, Olimpio Montoya suffered severe and grievous injuries and/or the aggravation of a pre-existing condition and sustained physical and mental pain and suffering, anguish, grief, humiliation, personal inconvenience, loss of the capacity for the enjoyment of life, shorter life span and death.

14.    The severe and grievous injuries and/or the aggravation of the aforementioned pre-existing condition suffered by Olimpio Montoya constitutes an "accident" within Article 17 of the Warsaw Convention.

15.    The accident was the result of willful misconduct on the part of Defendants.

16.    The accident caused the aforementioned injuries and/or the aggravation of the aforementioned pre-existing condition.

17.    The above described actions of the Defendants were a cause of the aforementioned injuries and/or the aggravation of the aforementioned pre-existing condition.

18.    Olimpio Montoya incurred medical expenses, suffered emotionally and physically, died, was deprived a chance of survival and quality of life and/or was deprived a chance of survival and quality of life greater than fifty percent:

    a. as a direct and proximate result of Defendants' negligence described herein;

Montoya, et. al. v. Continental Airlines, Inc., et. al., Civil Case No. CV04-00018
First Amended Complaint and Demand for Jury Trial
June 22, 2004

      b. as a causational result of the accident;

      c. as a direct and proximate result of the accident; and/or

      d. as a causational result of the above described actions and conduct of the Defendants.

19. The foregoing actions and conduct by Defendants through employees and agents, exhibited a callous, cruel, careless, oppressive, willful and/or reckless indifference to the safety, welfare, health and well being of Olimpio Montoya. By reason of the conduct described herein, Defendants should be compelled to compensate Plaintiffs with punitive damages.

20. At all times material hereto, Plaintiff Andrea Montoya was the wife of and is the widow of Olimpio Montoya, deceased.

21. As a direct and proximate result of Olimpio Montoya's death, Plaintiff Andrea Montoya has been deprived of the spousal love, consortium, affection, services, support, society and comfort of her deceased husband, Olimpio Montoya.

22. At all times material hereto, Plaintiffs Raymundo E. Montoya, Josefina Aguilar, Bayanie Montoya, Julieta M. Reyes, Alfredo Espiritu Montoya and Oliver Montoya were and are the children of their father Olimpio Montoya, deceased.

23. As a direct and proximate result of Olimpio Montoya's death, Plaintiffs Raymundo E. Montoya, Josefina Aguilar, Bayanie Montoya, Julieta M. Reyes, Alfredo Espiritu Montoya and Oliver Montoya; Surviving Children, have been deprived of the parental love, affection, services, support, society and comfort of their deceased father, Olimpio Montoya

Montoya, et. al. v. Continental Airlines, Inc., et. al., Civil Case No. CV04-00018
First Amended Complaint and Demand for Jury Trial
June 22, 2004

24. As a further direct and proximate result of the negligence of Defendants, Plaintiffs respectively were forced to suffer and endure past and future emotional and mental harm and suffering pecuniary losses, loss of comfort, love and affection, hedonic damages, loss of enjoyment of life, society and protection, loss of parental consortium, loss of spousal consortium, and loss of funeral and burial expenses.

WHEREFORE, Plaintiffs demand judgment against Defendants, Continental Airlines, Inc., Continental Micronesia Inc. and DOE Insurance Companies I through V, jointly and severally for money damages in an amount of excess of One Million Dollars ($1,000,000.00) together with court costs and such other relief as this Court deems meet and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs demand a jury in the action of six (6) persons.

LAW OFFICES OF GORMAN & GAVRAS

Date: June 22, 2004   By: _____
WILLIAM L. GAVRAS, ESQ.
Attorneys for Plaintiffs
The Estate of Olimpio Montoya,
by and through Alfredo Espiritu
Montoya, Special Administrator;
Andrea Montoya, Surviving Spouse;
Raymundo E. Montoya, Josefina Aguilar,
Bayanie Montoya, Julieta M. Reyes,
Alfredo Espiritu Montoya and Oliver Montoya;
Surviving Children